UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ANN BURTON,

                      Plaintiff,

        -against-

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION and
JOHN and JANE DOE,

                      Defendants.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**

11-CV-4074 (SLT)(LB)

**TOWNES, United States District Judge:**

On August 10, 2011, plaintiff Ann Burton filed this *pro se* action against the United States Equal Employment Opportunity Commission and two Doe defendants. Plaintiff's request to proceed *in forma pauperis* is granted but, for the reasons set forth below, the complaint is dismissed in its entirety.

## BACKGROUND

Over the last year, plaintiff has filed nine actions with this Court, including two actions which were commenced the same day as this one. Plaintiff's prior actions have been brought against her former employers, her union, an employment agency, and individuals associated with these defendants. Although these actions have principally alleged employment discrimination, they have also alleged that various individuals have entered her apartment, removed and returned documents and other items, hacked her computer, and otherwise harassed her, allegedly in retaliation for previous complaints she had filed. Prior to filing this action, plaintiff had not alleged who was responsible for these nefarious acts. However, plaintiff alleges in this action that these acts are at least partly attributable to the United States Equal Employment Opportunity Commission (the "EEOC").

The allegations of the complaint in this case pertain to four incidents or groups of incidents. The first incident or group of incidents occurred in 1986 when defendants allegedly "attempted to impede the EEOC hearing process by theft and later return of the case file from plaintiff's residence" (Complaint at 2, ¶ 1). The second incident or group of incidents occurred in 1998, when defendants allegedly "engaged in severe and pervasive retaliation which involved NYPD reported telephone harrassment, illegal home and automobile invasions, damage to auto, [and] mail and telephone interception" (*id.* at 3, ¶ 2). Plaintiff alleges that these events resulted in "severe emotional and mental distress" and in her "hospitalization" (*id.*).

The third incident or group of incidents began in 2008 and allegedly involved "extremely severe and pervasive retaliation" (*id* at 3, ¶ 3). Plaintiff's complaint alleges that this retaliation began with "telephone harassment," and that "[t]elephone, mail and email interception is ongoing among [her] friends, family, co-workers, church members and business contacts" (*id.* at 3, ¶ 3). Plaintiff provides examples of this in the form of computer-generated emails indicating that Google was unsuccessful in attempting to deliver her email to two web addresses on August 1, 2011 (*id.*, Ex. 2). In addition, the complaint alleges that defendants caused unspecified damage to her property and that of her landlord; stole her birth certificate and other documents; and stole and returned clothing, linens, and other property (*id.* at 3, ¶¶ 4-5).

The fourth and final set of incidents occurred in the Summer of 2011. First, plaintiff allegedly received a "death threat" on June 30, 2011, in the form of a cartoon drawing of threatening figures (*id.* at 3, ¶ 6; Ex. 1). The drawing, a copy of which is attached to plaintif's complaint as Exhibit 1, bears no writing and, according to plaintiff, is "related to a video game called Mortal Combat" (*id.*). Although the complaint does not allege the circumstances under which plaintiff received the drawing, plaintiff alleges in her complaint in *Burton v. New York*

*Police Dep't, et al.*, E.D.N.Y. Docket No. 11-CV-4071 (SLT), that she received it while in federal court.

Second, the complaint implies that defendants are responsible for incidents which occurred on July 28, 2011, and early August 2011, in which someone allegedly attempted to poison plaintiff. These incidents are described in some detail in this Court's September 1, 2011, Memorandum and Order in *Burton v. New York Police Dep't, et al.*, E.D.N.Y. Docket No. 11-CV-4071 (SLT), familiarity with which is assumed. However, the instant complaint alleges facts not contained in the complaint in No. 11-CV-4071. Specifically, plaintiff alleges that on August 1, 2000 – prior to drinking the tap water which allegedly caused plaintiff to experience abdominal pain – she encountered an elderly Asian female descending the stairs in plaintiff's apartment building who "displaced a styrofoam cup" and said "Water, water (cough, cough)" (*id.* at 4, ¶ 8).

Plaintiff's complaint claims that defendants' "misconduct" has caused, and will continue to cause, plaintiff emotional, mental and physical distress; "social and spiritual deprivation;" and "irreparable harm, financially" (*id.* at 5). Plaintiff seeks "sanctions to the fullest extent of the law," as well as compensatory and punitive damages (*id.*).

## DISCUSSION

Title 28, Section 1915(e)(2)(B) of the United States Code requires a district court to dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is frivolous when "either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v.*

*Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations and citations omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

In performing the review required under § 1915(e)(2)(B), this Court is mindful that "[a] document filed *pro se* is to be liberally construed, . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). A court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 878, 790 (2d Cir. 1994)). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

Upon review of this action, this Court has determined that plaintiff's complaint must be dismissed for the three reasons. First, most, if not all, of plaintiff's allegations are "wholly incredible." *See Denton v. Hernandez*, 504 U.S. at 33. The allegations that a federal agency or its employees engaged in efforts to poison plaintiff and to invade her home and automobile in order to steal such items as clothing and linens, only to return them appear particularly irrational.[1] Second, even assuming that plaintiff had been the victim of such tortious acts, plaintiff's complaint does not allege any facts to suggest that the EEOC or its employees were in any way

---

[1] This Court assumes that the Doe defendants are EEOC employees. This Court would not have jurisdiction over claims against them if they were private individuals.

4

involved in such actions. Indeed, the fact that plaintiff has sued two Doe defendants indicates that she has no idea of who was responsible for these alleged acts.

Third, even assuming that plaintiff could allege facts to suggest that the EEOC was responsible for these wrongful acts and that the perpetrators were EEOC employees acting in their official capacities, plaintiff's claims for damages would be precluded by the doctrine of sovereign immunity.[2] "Under the doctrine of sovereign immunity, an action for damages will not lie against the United States absent consent." *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994). "Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity, unless such immunity is waived." *Id.* "The doctrine of sovereign immunity is jurisdictional in nature, *see FDIC v. Meyer*, 510 U.S. 471, 475 (1994), and therefore to prevail, the plaintiff bears the burden of establishing that her claims fall within an applicable waiver." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

Although plaintiff's complaint fails to cite any statutory basis for her action against the EEOC, this Court notes that the Federal Tort Claims Act ("FTCA") is the exclusive means for recovering damages against a federal agency "for injury or loss of property . . . resulting from the negligent or wrongful act or omission" of agency employees acting in their official capacities. 28 U.S.C. § 2679(b)(1); *see Rivera v. United States*, 928 F.2d 592, 608 (2d Cir. 1991). Before filing suit in a federal court under the FTCA, a plaintiff must first "present[ ] the claim to the appropriate Federal agency" and wait until the claim is "finally denied by the agency in writing."

---

[2]Although plaintiff also seeks "sanctions to the fullest extent of the law" (Complaint at 5), this Court has no power to impose criminal sanctions in this civil litigation.

5

28 U.S.C. § 2675(a). Moreover, an administrative claim must be filed with the appropriate federal agency within two years after the claim accrues, and an action must be filed in this Court "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).

Nothing in plaintiff's complaint suggests that plaintiff has filed an administrative claim with the EEOC. To the contrary, although plaintiff has alleged these same tortious acts in other complaints and in correspondence filed with this Court over the last year, plaintiff has never previously attributed these acts to the EEOC or its employees. In light of this history, there is no reason to believe that plaintiff has exhausted her administrative remedies.

This Court recognizes that plaintiff would not need to exhaust any administrative remedies if she was alleging that the Doe defendants were EEOC employees acting in their individual capacities. *Bivens v. Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). However, since plaintiff does not even know who the Doe defendants are, plaintiff lacks a basis for making such allegations.

## *CONCLUSION*

For the reasons set forth above, this action is dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**.

/Signed by Judge Townes/

/SANDRA L. TOWNES
United States District Judge

Dated: September 12, 2011
Brooklyn, New York